IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VICTOR PULLETT,
B-83304,

**Petitioner,**

vs.

**WARDEN KIMBERLY BUTLER,**

**Respondent.**                                    Case No. 15-cv-01241-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Victor Pullett, who is currently incarcerated at Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254, in order to challenge his 2003 state conviction for first degree murder. (Doc. 1). He seeks to overturn his conviction on eleven grounds, all stemming from claims of prosecutorial misconduct and ineffective assistance of counsel. (*Id*. at 8-31).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that it warrants further review.

I.      **Background**

Following a jury trial on January 27, 2003, Victor Pullett was found guilty of first degree murder in the Pulaski County Circuit Court in Mound City, Illinois. (Doc. 1 at 1). He was sentenced to fifty-eight years of imprisonment. (*Id.* at 1). Pullett appealed the conviction to the Appellate Court of Illinois. (*Id*. at 2). In his appeal, Pullett argued that he was deprived of a fair and impartial trial because of prosecutorial misconduct. (*Id.*). On October 20, 2004, the appellate court affirmed the conviction. (*Id*. at 2). Pullett filed a petition seeking leave to appeal to the Supreme Court of Illinois, and it was denied on January 26, 2005. *People v. Pullett*, 23 N.E.2d 1205 (Ill. 2005). He did not file a petition for writ of certiorari in the United States Supreme Court. (*Id*. at 3).

Pullett filed a state petition for post-conviction relief in Pulaski County Circuit Court on July 5, 2005. (*Id*.). In it, he asserted claims of prosecutorial misconduct (Ground 1); ineffective assistance of trial counsel for failing to remove his "blood uncle" as a juror (Ground 2); ineffective assistance of trial counsel for failing to impeach the State's witness with prior inconsistent statements (Ground 3); ineffective assistance of trial counsel for failing to consult with Pullett or investigate witnesses before trial (Ground 4); ineffective assistance of trial counsel for "stipulating" to Pullett's prior felony conviction (Ground 5); ineffective assistance of trial counsel for failing to call any witnesses in support of a viable defense (Ground 6); ineffective assistance of trial counsel for failing to file a motion *in limine* seeking to bar evidence gathered by the Cairo Public Housing

Drug Task Force (Ground 7); the jury's finding of guilt for first degree murder was not beyond a reasonable doubt (Ground 8); and ineffective assistance of appellate counsel in the direct appeal for failing to raise all of the issues set forth in Pullett's post-conviction petition (Ground 9).  (Doc. 1 at 33).  The petition was denied following an evidentiary hearing on January 12, 2011.  (*Id*. at 4).  It is not clear whether Pullett attempted to appeal the decision to the Appellate Court of Illinois.  However, he filed a petition seeking leave to appeal to the Supreme Court of Illinois, and it was denied on February 4, 2015.  (*Id*. at 5).  The instant petition followed on November 9, 2015.  (Doc. 1).

## II.     The Petition

In his § 2254 petition, Pullett challenges his conviction on the same grounds set forth in his state petition for post-conviction relief, *i.e.*, Grounds 1-9 set forth above.  (*Id*. at 8-25).  In addition, he claims that post-conviction counsel was ineffective because she improperly amended Pullett's *pro se* post-conviction petition under false pretenses (Ground 10) and also filed a motion to withdraw as counsel when "appe[al]able issues were available" (Ground 11).   (*Id*. at 28). Pullett asks this Court to vacate his conviction and sentence and order a new trial. (*Id*. at 32).

## III.    Discussion

Given the numerous, complicated claims in the petition, the Court cannot conclude that dismissal of the petition is appropriate.  Further review of this

matter is necessary. For this reason, respondent will be ordered to answer the petition or otherwise file a responsive pleading.

This Order should not be construed as a decision regarding the merits of any particular claim asserted in the § 2254 petition. In addition, the Order does not preclude the State from making whatever argument it wishes to present, be it waiver, exhaustion, forfeiture, timeliness, etc. *See, e.g.*, 28 U.S.C. § 2254(b)-(c); *O'Sullivan v. Bourke,* 526 U.S. 838, 839 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Urawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998).

### IV. Disposition

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer the petition within thirty days of the date this Order is entered.[1] This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, 60601 shall constitute sufficient service.

**IT IS ALSO ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc 3).

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge **Clifford J. Proud** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Pullett is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: December 3, 2015**

Digitally signed by Judge David R. Herndon
Date: 2015.12.03 15:46:34 -06'00'

**United States District Judge**